Filed 6/17/15  P. v. Saavedra CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>EDWARD MICHAEL SAAVEDRA,<br><br>      Defendant and Appellant. | B258493<br><br>(Los Angeles County<br>Super. Ct. No. VA133301) |

APPEAL from a judgment of the Superior Court of Los Angeles County, John A. Torribio, Judge.  Affirmed.

Maggie Shrout, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

A loss prevention officer of a discount store watched Edward Michael Saavedra and a female companion remove merchandise from store shelves and put the items into the female's large purse (also referred to as a duffle bag) and two plastic store bags. After Saavedra and the woman left the store without paying for the items in the purse and plastic bags, the loss prevention officer detained Saavedra, who was carrying the two plastic bags. The two plastic bags were filled with store merchandise worth $62 for which there was no receipt.

Saavedra was charged in an information with one count of petty theft with an allegation he had suffered two prior theft-related convictions (Pen. Code, § 666, subd. (b)).[1] The information further alleged Saavedra had suffered one prior serious or violent felony conviction within the meaning of the three strikes law (§§ 667, subds. (b)-(j); 1170.12, subds. (a)-(d)) and had served three separate prison terms for a felony (§ 667.5, subd. (b)). Saavedra pleaded not guilty and denied the special allegations.

The trial court granted Saavedra's motion for a bifurcated jury trial on the prior conviction and prior prison term allegations.

A jury convicted Saavedra of petty theft as charged. After waiving his right to trial, Saavedra admitted the prior conviction and the prior prison term allegations. Prior to sentencing, the trial court heard and denied his motions to dismiss his prior strike conviction (§ 1385; *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497).

The trial court sentenced Saavedra to an aggregate state prison term of four years (consisting of the middle term of two years doubled under the three strikes law) for violating section 666, subdivision (b).[2] The court awarded Saavedra presentence custody credit of 366 days and imposed statutory fees, fines and assessments.

---

[1] Statutory references are to this code.

[2] It appears the trial court dismissed the section 667.5, subdivision (b) prior prison term enhancements. (§ 1385.)

We appointed counsel to represent Saavedra on appeal. After examination of the record, counsel filed an opening brief in which no issues were raised. On February 6, 2015, we advised Saavedra by mail to Wasco State Prison that he had 30 days within which to personally submit any contentions or issues he wished us to consider. On February 17, 2015, the notice was returned by Wasco State Prison and marked "return to sender, vacant, unable to forward" with a notation that Saavedra had been discharged from custody.[3]

We have examined the record and are satisfied Saavedra's attorney on appeal has fully complied with the responsibilities of counsel and there are no arguable issues. (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

## DISPOSITION

The judgment is affirmed.


IWASAKI, J.[*]


**We concur:**



**PERLUSS, P. J.**                    **ZELON, J.**

---

[3] When appellate counsel was appointed, Saavedra was directed "to keep the court informed of his/her mailing address at all times. If you move, you MUST notify the clerk of this court immediately; otherwise you may not receive important notices concerning your appeal." Saavedra failed to provide any information concerning his current address following his apparent discharge from Wasco State Prison.

[*]Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3